FAGG, Circuit Judge.
After the photograph of a beaten detainee disappeared from the desk of supervising officer J.D. Hill, the Pulaski- County Sheriffs office undertook an investigation. During its course, Hill refused to answer questions about the incident and failed to show up for a polygraph examination. Nevertheless, a fellow officer said he had placed the photograph on Hill’s désk in Hill’s presence, and another said he had disposed of the photograph at Hill’s direction. Following the thorough investigation revealing Hill’s official misconduct, the Sheriff terminated Hill’s employment. Hill then brought this civil rights action against the Sheriff and other office members alleging they violated his Fifth Amendment and due process rights. The Sheriff and officers moved for summary judgment on both the merits and the issue of qualified immunity. The district court denied the motion, and the Sheriff and officers brought this interlocutory appeal, see Collins v. Bellinghausen, 153 F.3d 591, 595 (8th Cir.1998) (denial of motion for summary judgment on basis of qualified immunity is immediately appealable). We reverse.
When reviewing the district court’s summary judgment decision, we examine the record in the light most favorable to the opposing party and draw all reasonable inferences in that party’s favor. See Burnham v. Ianni, 119 F.3d 668, 673 (8th Cir.1997). “Qualified immunity shields government officials from *471 suit unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known.” Id.
Hill asserts the Sheriff violated his Fifth Amendment rights by discharging him for refusing to answer questions at his last meeting with the Sheriff and for remaining silent rather than obeying the Sheriffs order to take a polygraph examination. Hill asserts termination under these circumstances violated law that was clearly established in Uniformed Sanitation Men Ass’n, Inc. v. Commissioner of Sanitation, 392 U.S. 280, 284, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968) (holding discharge of public employees for refusal to testify about official conduct on grounds of self-incrimination violated Fifth Amendment where employees were threatened with termination if they invoked right against self-incrimination and were told their answers could be used against them in later criminal proceedings). Examining the record in Hill’s favor, we conclude Hill has failed to allege the violation of clearly established Fifth Amendment rights of which a reasonable person would have known.
“The [Fifth] Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.” Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973). The Amendment is violated when public employees are compelled to testify by employers who require the employees to either incriminate themselves or to forfeit their jobs. See Garrity v. New Jersey, 385 U.S. 493, 497-98, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967); Uniformed Sanitation Men, 392 U.S. at 284, 88 S.Ct. 1917. As long as a public employer does not demand that the public employee relinquish the employee’s constitutional immunity from prosecution, however, the employee can be required to either testify about performance of official duties or to forfeit employment. See Uniformed Sanitation Men, 392 U.S. at 284, 88 S.Ct. 1917; Gulden v. McCorkle, 680 F.2d 1070, 1073-74 (5th Cir.1982). Given “the important public interest in securing from public employees an accounting of their public trust[,][p]ublic employees may constitutionally be discharged for refusing to answer potentially incriminating questions concerning their official duties if they have not been required to surrender their constitutional immunity.” Lefkowitz v. Cunningham, 431 U.S. 801, 806, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977). The Fifth Amendment is violated only by the combined risks of both compelling the employee to answer incriminating questions and compelling the employee to waive immunity from the use of those answers. See Harrison v. Wille, 132 F.3d 679, 682 (11th Cir.1998).
Here, Hill was neither forced to answer incriminating questions under threat of termination nor required to relinquish immunity from the use of his answers in criminal proceedings. He did not face the choice of either forfeiting his job or making a statement that could be used to prosecute him. Contrary to Hill’s assertion, the only reasonable inference from the record is that the meeting and the polygraph examination were part of the Sheriffs internal administrative investigation, not the criminal investigation. Before the meeting, Hill received a “Notice of Consideration of Disciplinary Action,” stating “suspension, demotion, or termination is being considered.” The transcript of the last meeting shows the Sheriff said it was an “administrative hearing, ... not a criminal hearing,” and that it concerned “disciplinary action.” Hill was also told the polygraph “would be ... strictly for administrative purposes only, not for any criminal purposes.” Even if Hill was not expressly told that his answers at the meeting and polygraph examination could not be used against him in the criminal prosecution, the mere failure affirmatively to offer immunity is not an impermissible attempt to compel a waiver of immunity, see id. at 683; Gulden, 680 F.2d at 1075. Because Hill was not asked to waive his constitutional privilege against self-incrimination to answer job-related questions, his dismissal for refusal to answer does not violate that privilege. See Wiley v. Mayor & City Council, 48 F.3d 773, 777 (4th Cir.1995); *472 Gulden, 680 F.2d at 1074. As for the polygraph examination, it is undisputed that Hill did not even show up, and discharging Hill for refusing to participate at all did not violate his Fifth Amendment right against self-incrimination. See Gulden, 680 F.2d at 1075-76.
In sum, Hill failed to submit sufficient facts from which a reasonable jury could conclude that he was compelled to waive his Fifth Amendment rights. Hill’s due process claim fails because it depends on a Fifth Amendment privilege to refuse to attend a polygraph as the basis for a protected property interest. Because the Sheriffs conduct did not violate a clearly established constitutional or statutory right of which a reasonable person would have known, the Sheriff and the officers are entitled to qualified immunity. We thus reverse the district court’s denial of summary judgment on that ground.